UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1 | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE: VACANT<br>44 Western Avenue, Fairfield, ME 04937 |
| Kevin L. Taylor | Mortgage:<br>February 19, 2003<br>Book 3090, Page 349<br>Somerset County Registry of Deeds |
| **Defendant**<br>Fleet National Bank<br>Brewer Federal Credit Union | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Kevin L. Taylor, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. The object of this litigation is a mortgage that secures the property situated at 44 Western Ave, City/Town of Fairfield, County of Somerset, and State of Maine, which has an assessed value of Ninety Eight Thousand, Seven Hundred 00/100 dollars.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, in which the Defendant, Kevin L. Taylor, is the obligor and the total amount owed under the terms of the Note is Seventy-Nine Thousand Five Hundred Fourteen and 71/100 ($79,514.71) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

4. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

5. U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1 is a National Association with its principal place of business located at 425 Walnut St. Cincinnati, OH. 45202.

6. The Defendant, Kevin L. Taylor, is a resident of Waterville, County of Kennebec and State of Maine.

7. The Party-in-Interest, Brewer Federal Credit Union, is located at 229 Dirigo Drive, Brewer, ME 04412.

8. The Party-in-Interest, Fleet Bank n/k/a Bank of America, NA, is located at 100 North Tryon Street Charlotte, NC 28255.

# FACTS

9. On December 6, 1996, by virtue of a Warranty Deed from James E. Preshong and Madeline A. Preshong, which is recorded in the Somerset County Registry of Deeds in **Book 2266, Page 86**, the property situated at 44 Western Avenue, City/Town of Fairfield, County of Somerset, and State of Maine, was conveyed to Kevin L. Taylor, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On February 19, 2003, Defendant, Kevin L. Taylor, executed and delivered to Fleet National Bank a certain Consumer Note and Security Agreement under seal in the amount of $77,535.00. *See* Exhibit B (a true and correct copy of the Consumer Note and Security Agreement is attached hereto and incorporated herein).

11. To secure said Consumer Note and Security Agreement, on February 19, 2003, Defendant, Kevin L. Taylor executed a Mortgage Deed in favor of Fleet National Bank, securing the property located at 44 Western Avenue, Fairfield, ME 04937 which Mortgage Deed is recorded in the Somerset County Registry of Deeds in **Book 3090**, **Page 349**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Nationstar Mortgage, LLC by virtue of an Assignment of Mortgage dated September 30, 2013 and recorded in the Somerset County Registry of Deeds in **Book 4730**, **Page 291**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Bank of America, National Association by virtue of an Assignment of Mortgage dated April 21, 2015 and recorded in the Somerset County Registry of Deeds in **Book 4907**, **Page 321**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1 by virtue of an Assignment of Mortgage dated April 21, 2015 and recorded in the Somerset County Registry of Deeds in **Book 4907**, **Page 323**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On March 14, 2022, the Defendant, Kevin L. Taylor, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendant, Kevin L. Taylor, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

17. The Defendant, Kevin L. Taylor, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, is the present holder of the Consumer Note and Security Agreement pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Consumer Note and Security Agreement in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, is the lawful holder and owner of the Consumer Note and Security Agreement and Mortgage.

20. The Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, hereby certifies that

all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Consumer Note and Security Agreement and Mortgage were strictly performed.

21. Fleet National Bank is a Party-in-Interest pursuant to a Mortgage in the amount of $60,000.00 dated January 15, 2004, and recorded in the Somerset County Registry of Deeds in **Book 3282**, **Page 50** and is in second position behind Plaintiff's Mortgage.

22. Brewer Federal Credit Union is a Party-in-Interest pursuant to a Writ of Execution in the amount of $10,314.64 dated March 17, 2011, and recorded in the Somerset County Registry of Deeds in **Book 4380**, **Page 359** and is in third position behind Plaintiff's Mortgage.

23. The total debt owed under the Consumer Note and Security Agreement and Mortgage as of May 31, 2022 is Seventy-Nine Thousand Five Hundred Fourteen and 71/100 ($79,514.71) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $33,380.16 |
| Interest | $10,106.92 |
| Escrow/Impound Required | $222.00 |
| Escrow Advance | $15,606.40 |
| Lender Paid Expenses | $19,866.23 |
| Deferred Late Fees | $333.00 |
| Grand Total | $79,514.71 |

24. Upon information and belief, the Defendant, Kevin L. Taylor, is presently in possession of the subject property originally secured by the Mortgage.

25. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property.

## COUNT I – FORECLOSURE AND SALE

26. The Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 44 Western Avenue, Fairfield, County of Somerset, and State of Maine. *See* Exhibit A.

28. The Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, is the holder of the Consumer Note and Security Agreement referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Consumer Note and Security Agreement in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, has the right to foreclosure and sale upon the subject property.

29. The Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, is the current owner and investor of the aforesaid Mortgage and Consumer Note and Security Agreement.

30. The Defendant, Kevin L. Taylor, is presently in default on said Mortgage and Consumer Note and Security Agreement, having failed to make the monthly payment due April 24, 2017, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Consumer Note and Security Agreement.

31. The total debt owed under the Consumer Note and Security Agreement and Mortgage as of May 31, 2022 is Seventy-Nine Thousand Five Hundred Fourteen and 71/100 ($79,514.71) Dollars, which includes:

    | Description | Amount |
    | --- | ---: |
    | Principal Balance | $33,380.16 |
    | Interest | $10,106.92 |
    | Escrow/Impound Required | $222.00 |
    | Escrow Advance | $15,606.40 |
    | Lender Paid Expenses | $19,866.23 |
    | Deferred Late Fees | $333.00 |
    | Grand Total | $79,514.71 |

32. The record established through the Somerset County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

33. By virtue of the Defendant, Kevin L. Taylor's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

34. Notice in conformity with 14 M.R.S.A. § 6111 and/or Consumer Note and Security Agreement and Mortgage was sent to the Defendant, Kevin L. Taylor, on March 14, 2022, evidenced by the Certificate of Mailing. *See* Exhibit G.

35. The Defendant, Kevin L. Taylor, is not in the Military as evidenced by the attached Exhibit H.

36. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property.

## COUNT II – BREACH OF CONSUMER NOTE AND SECURITY AGREEMENT

37. The Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. On February 19, 2003, the Defendant, Kevin L. Taylor, executed under seal and delivered to Fleet National Bank a certain Consumer Note and Security Agreement in the amount of $77,535.00. *See* Exhibit B.

39. The Defendant, Kevin L. Taylor, is in default for failure to properly tender the April 24, 2017 payment and all subsequent payments. *See* Exhibit G.

40. The Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, is the proper holder of the Consumer Note and Security Agreement and is entitled to enforce the terms and conditions of the Consumer Note and Security Agreement due to its breach by the Defendant, Kevin L. Taylor.

41. The Defendant, Kevin L. Taylor, having failed to comply with the terms of the Consumer Note and Security Agreement and Mortgage, is in breach of both the Consumer Note and Security Agreement and the Mortgage.

42. The Defendant Kevin L. Taylor's breach is knowing, willful, and continuing.

43. The Defendant Kevin L. Taylor's breach has caused Plaintiff U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

44. The total debt owed under the Consumer Note and Security Agreement and Mortgage as of May 31, 2022, if no payments are made, is Seventy-Nine Thousand Five Hundred Fourteen and 71/100 ($79,514.71) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $33,380.16 |
| Interest | $10,106.92 |
| Escrow/Impound Required | $222.00 |
| Escrow Advance | $15,606.40 |
| Lender Paid Expenses | $19,866.23 |
| Deferred Late Fees | $333.00 |
| Grand Total | $79,514.71 |

45. Injustice can only be avoided by awarding damages for the total amount owed under the Consumer Note and Security Agreement including interest, plus costs and expenses, including attorney fees.

46. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

47. The Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. By executing, under seal, and delivering the Consumer Note and Security Agreement, the Defendant, Kevin L. Taylor, entered into a written contract with Fleet National Bank who agreed to loan the amount of $77,535.00 to the Defendant. *See* Exhibit B.

49. As part of this contract and transaction, the Defendant, Kevin L. Taylor, executed the Mortgage to secure the Consumer Note and Security Agreement and the subject property. *See* Exhibit C.

50. The Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, is the proper holder of the Consumer Note and Security Agreement and successor-in-interest to Fleet National Bank, and has performed its obligations under the Consumer Note and Security Agreement and Mortgage.

51. The Defendant, Kevin L. Taylor, breached the terms of the Consumer Note and Security Agreement and Mortgage by failing to properly tender the April 24, 2017 payment and all subsequent payments. *See* Exhibit G.

52. The Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, is the proper holder of the Consumer Note and Security Agreement, and is entitled to enforce the terms and conditions of the Consumer Note and Security Agreement due to its breach by the Defendant, Kevin L. Taylor.

53. The Defendant, Kevin L. Taylor, having failed to comply with the terms of the Consumer Note and Security Agreement and Mortgage, is in breach of contract.

54. The Defendant, Kevin L. Taylor, is indebted to U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1 in the sum of Seventy-Nine Thousand Five Hundred Fourteen and 71/100 ($79,514.71) Dollars, for money lent by the Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, to the Defendant.

55. Defendant Kevin L. Taylor's breach is knowing, willful, and continuing.

56. Defendant Kevin L. Taylor's breach has caused Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

57. The total debt owed under the Consumer Note and Security Agreement and Mortgage as of May 31, 2022, if no payments are made, is Seventy-Nine Thousand Five Hundred Fourteen and 71/100 ($79,514.71) Dollars, which includes:

    | Description | Amount |
    | --- | --- |
    | Principal Balance | $33,380.16 |
    | Interest | $10,106.92 |
    | Escrow/Impound Required | $222.00 |
    | Escrow Advance | $15,606.40 |
    | Lender Paid Expenses | $19,866.23 |
    | Deferred Late Fees | $333.00 |
    | Grand Total | $79,514.71 |

58. Injustice can only be avoided by awarding damages for the total amount owed under the Consumer Note and Security Agreement and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

59. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property.

## COUNT IV – QUANTUM MERUIT

60. The Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Fleet National Bank, predecessor-in-interest to U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, loaned Defendant, Kevin L. Taylor, $77,535.00. *See* Exhibit B.

62. The Defendant, Kevin L. Taylor, is in default for failure to properly tender the April 24, 2017 payment and all subsequent payments. *See* Exhibit G.

63. As a result of the Defendant Kevin L. Taylor's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1.

64. As such, the Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

65. The Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, repeats and re-alleges paragraphs 1 through 64 as if fully set forth herein.

66. Fleet National Bank, predecessor-in-interest to U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, loaned the Defendant, Kevin L. Taylor, $77,535.00. *See* Exhibit B.

67. The Defendant, Kevin L. Taylor, has failed to repay the loan obligation.

68. As a result, the Defendant, Kevin L. Taylor, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1 as successor-in-interest to Fleet National Bank by having received the aforesaid benefits and money and not repaying said benefits and money.

69. As such, the Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, is entitled to relief.

70. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, upon the expiration of the period of redemption;

c) Find that the Defendant, Kevin L. Taylor, is in breach of the Consumer Note and Security Agreement by failing to make payment due as of April 24, 2017, and all subsequent payments;

d) Find that the Defendant, Kevin L. Taylor, is in breach of the Mortgage by failing to make payment due as of April 24, 2017, and all subsequent payments;

e) Find that the Defendant, Kevin L. Taylor, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Kevin L. Taylor, is in breach of contract by failing to comply with the terms and conditions of the Consumer Note and Security Agreement and Mortgage by failing to make the payment due April 24, 2017 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, is entitled to enforce the terms and conditions of the Consumer Note and Security Agreement and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Kevin L. Taylor has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, to restitution;

j) Find that the Defendant, Kevin L. Taylor, is liable to the Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, for money had and received;

k) Find that the Defendant, Kevin L. Taylor, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Kevin L. Taylor, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Kevin L. Taylor, to continue to appreciate and retain the benefit of the Mortgage, Consumer Note and Security Agreement and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, is entitled to restitution for this benefit from the Defendant, Kevin L. Taylor;

o) Determine the amount due on said Mortgage and Consumer Note and Security Agreement, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Kevin L. Taylor, and in favor of the Plaintiff, U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, in the amount of Seventy-Nine Thousand Five Hundred Fourteen and 71/100 ($79,514.71 Dollars, the total debt owed under the Consumer Note and Security Agreement plus interest and costs including attorney's fees and costs;

q) Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property.

r) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank National Association, as Trustee for Banc of America Funding 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1,
By its attorney,

Dated: June 14, 2022

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com