# FLEET BANK
## CONSUMER NOTE AND SECURITY AGREEMENT
### FIXED RATE SIMPLE INTEREST

(CT, FL, MA, ME, NH, NJ, NY, PA and RI only)

**$ 77,535.00**
Principal Loan Amount    Finance Charge Accrual As Of FEBRUARY 24, 2003

Account #: _____
Date: FEBRUARY 19, 2003

In this Note and Security agreement ("Note"), "I", "me", and "my" mean each and all of the persons who signs as Borrower or Co-Borrower. "You", "your", and "Bank" mean:

Name of Bank: FLEET NATIONAL BANK, PRINCIPALLY LOCATED IN RHODE ISLAND
Address for Notices: Consumer Loan Operations
315-317 Court Street, P.O. Box 3092
Utica, NY 13502

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE (The cost of my credit as a yearly rate.) | FINANCE CHARGE (The dollar amount the credit will cost me.) | Amount Financed (The amount of credit provided to me or on my behalf.) | Total Of Payments (The amount I will have paid after I have made all payments as scheduled.) |
|---|---|---|---|
| 5.990 % | $ 55,674.60 | $ 77,535.00 | $ 133,209.60 |

### PAYMENT SCHEDULE

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 240 | $555.04 | The 24TH day of each month beginning MARCH, 2003 |

**LATE CHARGE.** If I make a payment late, I will be charged the late charge permitted by law, indicated below:

- [ ] the lesser of 5% of the payment or $5, if the payment is at least 10 days overdue.
- [ ] the lesser of 5% of the payment or $10, if the payment is at least 10 days overdue.
- [X] the lesser of 5% of the payment or $35, if the payment is at least 10 days overdue.
- [ ] the greater of 7% of the payment or $12.50, if the payment is at least 10 days overdue.
- [ ] 2% of any payment that is at least 15 days overdue.
- [ ] 3% of any payment that is at least 15 days overdue.
- [ ] 5% of any payment that is at least 15 days overdue.

**SECURITY.** I am giving a security interest in the following property (list location, if real estate):

44 WESTERN AVE SOMERSET FAIRFIELD, ME 04937

**FILING FEES AND TAXES.** $ n/a

**REQUIRED DEPOSIT.** If this loan is secured by a pledge of a deposit account, the annual percentage rate does not take into account the pledged deposit.

**CANCELLATION.** If I pay off early, I will not be entitled to a refund of any prepaid finance charge. If I pay off within 1 year(s) of the date of this Note, I will be required to pay an early cancellation fee of $ 250.00

**ASSUMPTION.** If this Note is secured, a person who buys the collateral cannot assume the remainder of this loan obligation on its original terms.

**CONTRACT TERMS.** I will read the rest of this Note and any mortgage or other agreement securing it for additional information about nonpayment, default, any required payment in full before the scheduled date, prepayment refunds and penalties.

**NOTICE TO CONSUMER:** (1) Do not sign this Note before you read it.
(2) You are entitled to a copy of this Note.

By signing below, I agree to all of the terms of this Note, including the terms on each page of this Note. I also acknowledge receiving a completed copy of this Note and of all other documents and disclosures relating to this Note. If this Note is secured by my home and I am not using the loan proceeds to purchase or construct that home, I am also acknowledging receipt of two copies of the Notice of Right to Cancel.

EXECUTED UNDER SEAL as of the date set forth at the top of this Note.

Borrower: /s/ Kevin L. Taylor
KEVIN L. TAYLOR

Co-Borrower: _____

Address: 44 WESTERN AVE FAIRFIELD, ME 049371369

Address: _____

## ITEMIZATION OF AMOUNT FINANCED

1. Loan proceeds........................................ $ 10158.14 ~~4.00~~
2. Prepaid Finance Charge......................... $ 0.00
3. Net amount paid directly to me (1-2)....... $ ~~67576.864.00~~ 10 158)
4. Amount applied to my existing debt to you ... $ ~~10513174~~ ~~-0.00~~
5. Amount paid to others on my behalf......... $ 77,531.00
   consisting of: †    67376.86

   | | | | | | |
   |---|---|---|---|---|---|
   | a. $ | n/a | to public officials (mortgage tax) | j. $ | n/a | title insurance |
   | b. $ | n/a | to public officials (mortgage filing fee) | k. $ | n/a | title examination |
   | c. $ | n/a | to public officials (UCC or certificate of title filing fee) | l. $ | n/a | documentary preparation |
   | d. $(e) | 65,000.00 | to (name) WLS FRG MTGE | m.$ | n/a | notary fee |
   | e. $(e) | 9,668.00 | to (name) MBNA AMERICA | | | |
   | f. $(e) | 2,863.00 | to (name) DEAD RIVER | | | |
   | g. $ | n/a | documentary stamp tax | | | |
   | h. $ | n/a | intangible tax | | | |
   | i. $ | n/a | appraisal fee | | | |

6. Amount Financed (3+4+5)......................... $ 77,535.00
7. Prepaid Finance Charge............................. $ 0.00
8. Principal Loan Amount (6+7)...................... $ 77,535.00

† (e) indicates estimated

## CONSENT TO SECURITY AGREEMENT

In consideration of making this loan, the undersigned hereby grants the Bank a security interest in the Collateral described in the "Security" section of the Note and agrees to be bound by all the terms of the Note applicable to the Collateral. Unless the undersigned signs this Note as a Guarantor, the undersigned is not personally obligated to pay this Note.

The undersigned acknowledges receipt of a completed copy of this Note.

Owner or Co-owner: _____
Date: _____

Owner or Co-owner: _____
Date: _____

Owner or Co-owner: _____
Date: _____

10164 Rev. 11/2002          Page 1 of 3

**EXHIBIT B**

**USE OF LOAN PROCEEDS.** I will use the proceeds of this Note primarily for the following purpose:

REFINANCE

**PROMISE TO PAY.** To repay my loan, I promise to pay you, or to your order, the Principal Loan Amount plus interest and other charges provided for in this Note and in any mortgage or other agreement securing this Note.

**PAYMENTS.** I agree to pay the Principal Loan Amount and interest by making the payments shown above in the Payment Schedule. Any amount not paid sooner is due and payable in full on **02/24/23** (the "Maturity Date"). Because interest is charged on each day's balance, late payments increase the amount I owe, while early payments decrease that amount. My final payment will be adjusted to reflect any greater or lesser amount I owe as the result of the actual dates on which I make payments.

**INTEREST.** I agree to pay interest on the daily balance of the Principal Loan Amount until paid in full, including after default and acceleration, at a simple annual interest rate of **5.990**%. Interest will be computed on the basis of a 365-day year and the actual number of days elapsed.

If checked here ☐, the interest rate stated in the preceding paragraph will be effective on the day of the sixth (6th) payment due date. Until that interest rate becomes effective, I agree to pay interest at a simple interest rate of _____%.

**SINGLE INTEREST INSURANCE.** If checked here ☐, I must obtain Single Interest Insurance to protect your interest in the Collateral. This insurance is for your sole protection and my interest is not covered. Coverage is available through you. If I obtain this insurance through you, the premium for the full term of the Note will be the amount disclosed in the Itemization of Amount Financed.

**SECURITY.** My loan will be secured according to the description checked below.

☐ This Note is unsecured.

☒ This Note is secured by a mortgage on the real estate described above in the disclosure section entitled "Security."

☐ I hereby pledge to you the following deposit account, and any additions to, renewals of, or replacements for such account, to secure this Note:

Fleet Account # _____

So long as I am not in default on this Note, I or any other joint owner of the deposit account may make withdrawals from the account, provided the remaining balance of the account equals at least the principal balance of this Note plus an amount you determine, in your sole discretion, to cover accruing interest.

☐ I hereby grant you a security interest in the following personal property, and in any proceeds from, additions to, or replacements for the property to secure this Note:

Make: _____ Model: _____
Year: _____ V.I.N.: _____

Other: _____

Location of Property: _____

All of the property described in this "Security" provision is referred to in this Note as "Collateral."

**NATURE OF MY RESPONSIBILITIES.** If more than one person signs this Note, each is jointly and severally liable. This means that each person who signs this Note is fully and personally obligated to pay the full amount owed and keep all of the other promises in this Note. You can enforce this Note against any one or more of us or against any of our heirs, executors, or legal representatives. I may not assign this Note to anyone. You may assign this Note and any mortgage or other agreement securing it to another party.

**LATE PAYMENTS.** If I fail to make a payment on time, you may charge me a late payment penalty as provided in the disclosure section of this Note entitled "Late Charge."

**CANCELLATION.** I may prepay this Note, in whole or in part, at any time. If I prepay this Note in full, I will not be entitled to a refund of any prepaid finance charges, and you may charge me an early cancellation fee as provided in the disclosure section of this Note entitled "Cancellation". If I prepay in part, I must continue to make regular payments until the Note is paid in full.

**RETURNED CHECK CHARGE.** If a check or other instrument with which I make a payment on this Note is returned to you unpaid for any reason, I will be charged $ **20.00**. You will waive this fee if my check is drawn on a Fleet Bank deposit account.

**MISCELLANEOUS FEES.** You may charge me additional fees for extra services, such as providing research and copies of documents.

**PROPERTY INSURANCE.** I must keep any Collateral that is not in your possession insured to your satisfaction. I may obtain insurance, including any required single interest insurance, from anyone I want that is acceptable to you. I agree to name you as the party to be paid in the event of a loss. You may settle claims and endorse my name on any settlement checks you receive. I hereby assign to you any unearned premiums or refunded premiums for this insurance.

**WARRANTIES WITH RESPECT TO COLLATERAL.** For the term of this Note I warrant that:

(a) I own and will keep the Collateral free from all liens (except as disclosed in writing);
(b) if the Collateral is a motor vehicle or a titled boat, I will be the registered owner and your security interest will be the only lien shown on any certificate of title issued now or in the future;
(c) I will not transfer all or any interest in the Collateral to anyone else or permit anyone else to obtain an interest in it;
(d) I will keep the Collateral in good repair and pay all taxes, insurance, and assessments on it;
(e) I will keep the Collateral insured with coverage, including comprehensive, fire, theft and collision, that is satisfactory to you.
(f) I will not use the Collateral or permit anyone else to use it illegally;
(g) I will notify you in writing if I move or if the Collateral suffers any loss or damage;
(h) I will not relocate the Collateral at any time without your prior written consent;
(i) I will permit you to inspect the Collateral at any time; and
(j) I will sign any documents you consider to be necessary or appropriate to protect your interest in the Collateral.

**YOUR RIGHT TO PROTECT THE COLLATERAL.** If I do not pay the taxes or insurance premiums due on the Collateral, maintain the Collateral in good condition or repair, or promptly remove any claim against it, you may (but do not have to) do so and charge me the cost. I agree to pay any such amounts immediately on demand. So long as any such amounts remain unpaid, they shall be considered to be additional principal under this Note. My obligation to pay such amounts shall be secured by your interest in the Collateral and I agree to pay interest on such amounts at the rate stated in this Note.

**DEFAULT.** To the extent permitted under applicable law, I will be in default under this Note if: (1) I fail to make any payment within 10 days of its due date (60 days, if I paid any prepaid finance charge and this Note is secured by a secondary mortgage on a 1- to 4- family dwelling located in Connecticut); (2) I break any of the promises or agreements in this Note or in any mortgage or other agreement securing it; (3) I have made any false or misleading statements in connection with this Note; (4) a petition is filed by or against me under any bankruptcy or insolvency law; (5) I die or become unable to manage my affairs; (6) the value of the Collateral is significantly impaired: (7) anything else happens that you reasonably believe affects my ability to repay this Note; (8) I fail to furnish any updated financial statement or other credit information you request from time to time; or (9) I fail to permit you, at your request, to inspect or appraise the Collateral from time to time. An event of default by or applicable to any borrower, co- borrower, or guarantor shall constitute an event of default by all of them.

**SET-OFF. You have the right to set off if I am in default on this Note. Having a right of set-off means that, to the extent permitted by law, you may (but do not have to) apply any balance in any account I maintain with you to satisfy or reduce the balance due under this Note.**

**CONSEQUENCES OF DEFAULT.** If I default, you will have the right to require immediate payment of everything I owe you, subject to any notification or cure periods required under applicable law. You will also have the right to enforce any security interest or mortgage you have in my property. If you repossess any personal property that is part of the Collateral, I will notify you by registered mail promptly (but in any event by not more than 3 days after you take possession of the Collateral) if I claim that the property you repossessed included any property that was not part of the Collateral. If you agree with my claim, I will retake possession of such property within 48 hours or you will consider me to have abandoned it. You may sell Collateral consisting of personal property after repossession at public or private sale. You will give me reasonable notice of the time and place set for any public sale or of the time after which any private sale or other intended disposition of the Collateral is to be made. Unless otherwise required by law, you shall be deemed to have given me reasonable notice if you have mailed written notice to me or to any other person entitled to receive notice at least 10 days before the date on which the sale or other disposition of the Collateral is scheduled to occur. The proceeds of any sale will be applied first to your collection costs and attorneys' fees and the costs of repossessing the Collateral, storing it, preparing it for sale, and selling it. Any remaining proceeds will be applied to the unpaid balance of principal, interest, and other charges due under this Note. If the proceeds of the sale are not sufficient to pay all that I owe, I must pay the deficiency to the extent permitted by law. If the proceeds of the sale exceed the amount I owe, the surplus will be paid to me or to any other person legally entitled to it.



PAY TO THE ORDER OF
WITHOUT RECOURSE
Bank of America, N.A.
BY _____
CHRISTINA M. SCHMITT
ASSISTANT VICE PRESIDENT

**COLLECTION COSTS.** To the extent permitted by law, I will pay all of your reasonable collection costs, including court costs and attorneys' fees. If the property securing the Note is in Florida, I agree to pay, in the event of default, all costs and expenses incurred in collection or foreclosure, including attorney's fees equal to ten percent (10%) of the principal sum or such larger amount as may be reasonable and just, and also all costs, expenses and attorney's fees incurred in any appellate and bankruptcy proceedings. If I am successful in asserting any partial defense, set-off, or counterclaim against you, the court may withhold payment of part or all of your attorneys' fees. **New Hampshire and New York Residents Only:** If I prevail in any action brought by me or the Bank with respect to this Note, I may be awarded reasonable attorneys' fees. **Maine Residents Only:** I will not be required to pay your attorneys' fees unless this Note is secured by real estate. **Pennsylvania Residents Only:** If this Note is secured by real estate, I will pay all of your reasonable attorneys' fees which are actually incurred in connection with foreclosure or other legal action and up to $50.00 for your reasonable attorney's fees which are actually incurred prior to commencement of foreclosure or other legal action.

**TAX DEDUCTIBILITY.** I should consult a tax advisor regarding the deductibility of interest and other charges paid on this Note.

**FL. DOCUMENTARY STAMPS.** State of Florida Documentary Stamps in the amount required by law are affixed to the mortgage securing this Note and cancelled pursuant to law.

**WAIVERS AND RELEASES.** You can waive or delay enforcing any right under this Note without losing that right or any other. You can waive or delay enforcing a right as to one of us without waiving it as to any other. You can release any Collateral or release one of us from responsibility under this Note without releasing others. You can file financing statements on my behalf (for which purpose I hereby appoint you my attorney in fact). If the Collateral is a motor vehicle or titled boat, you may take any action you think is necessary or appropriate to ensure that your security interest is shown on the certificate of title. Your failure to do any of these things shall not affect my obligations to pay all amounts due under this Note. You do not have to give anyone notice of any waiver, delay, or release, nor do you have to notify me of any default by any other person who is responsible for payment of this Note. This Note contains the entire agreement between you and me (except when the Collateral is real estate and a mortgage is given). It may be changed only in a writing signed by you and me.

**APPLICABLE LAW. Notes Secured by Real Estate:** If I reside in ME, NY, NJ, PA, or RI, this Note is governed by federal law and the law of the state where the Bank is principally located, Rhode Island except as to matters directly related to the Bank's lien and its ability to enforce its lien on the real property securing this Note where the law of the state where the property is located will govern. If I reside in CT, MA, FL or NH, this Note is governed by the law of the state where I reside except as to matters directly related to the Bank's lien and its ability to enforce its lien on the real property securing this Note where the law of the state where the property is located governs. **Notes Secured by Collateral other than Real Estate:** If I reside in ME, NY, NJ, RI or PA and this Note is not secured by real estate, this Note is governed by federal law and the law of the state where the Bank is principally located, Rhode Island except as to matters relating to the Bank's lien on or its ability to enforce its lien on collateral securing this Note in which case the law of the state where the collateral is located will govern. If I reside in CT, MA, FL, or NH and this Note is not secured by real estate, this note is governed by the law of the state where I reside except as to matters relating to the Bank's lien on or its ability to enforce its lien on collateral securing this Note in which case the law of the state where the collateral is located will govern.

To the extent that federal law preempts state law, this Note is governed by federal law. If any provision of this Note conflicts with any existing or future law, it shall be deemed modified to the extent necessary to comply with such law, and the validity of the remaining terms of this Note shall not be affected.

**DOCUMENTATION.** I agree to execute or re-execute any document, including a revised version of this Note, that you request in order to correct any error or omission in the original Note, security instrument, or other loan documents.

**NOTICE.** Except for any notice required under applicable law to be given in another manner: (a) any notice required or permitted to be given to me under this Note shall be sent by regular mail, addressed to me at the address set forth below my signature on this Note; and (b) any notice required or permitted to be given to the Bank under this Note shall be sent by regular mail addressed to you at the Address for Notices identified at the beginning of this Note. Either party may change its address to which the other party is to send notices by giving the other party notice of the new address in accordance with this paragraph. Any notice provided for in this Note shall be in writing and shall be deemed to have been given when mailed, postage prepaid, addressed in the manner designated herein.

## NOTICE TO CO-SIGNER

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The bank can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

## NEW YORK NOTICE TO CO-SIGNER

You agree to pay the debt identified below although you may not personally receive any property, services, or money. You may be sued for payment although the person who receives the property, services, or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorneys' fees, or other charges that may be stated in the Note or contract. You will also have to pay some or all of these costs and charges if the Note or contract, the payment of which you are guaranteeing, requires the borrower to pay such costs and charges.

This notice is not the Note, contract, or other writing that obligates you to pay the debt. Read the Guaranty, below, for the exact terms of your obligation.

Name of Debtor: _____    Name of Creditor: _____
Date of Debt: _____
Type of Debt: _____    Total of Payments: _____

By signing below, you acknowledge that you have been given a completed copy of this Notice and of the Note (which obligates the debtor) and of the Guaranty (which obligates you).

Guarantor: _____    Guarantor: _____
Date: _____    Date: _____

## GUARANTY

To induce the Bank to make this loan, each of the undersigned ("Guarantor") unconditionally guarantees the payment when due of all money owed under the Note and any mortgage or other agreement securing it. Each guarantor is jointly and severally liable with the Borrower. This means that the Bank does not have to try to collect from anyone or repossess any Collateral before collecting from a Guarantor. The Bank may take any action permitted under the Note or security instrument without notifying the Guarantor or releasing the Guarantor from responsibility. The Guarantor agrees to pay any expenses the Bank incurs in enforcing this Guaranty, including reasonable attorneys' fees and court costs. The Bank does not have to notify any Guarantor of the Bank's acceptance of this Guaranty. Any capitalized term not defined in this Guaranty has the same meaning as in the Note.

Each Guarantor agrees to the terms of this Guaranty and acknowledges receipt of a completed copy of the Note, this Guaranty, and of all other documents and disclosures given to the Borrower.

Guarantor: _____    Guarantor: _____
(Co-signer)    (Co-signer)
Date: _____    Date: _____

Witness: _____    Witness: _____